## George T. Gilliam v. Mary A. Waterhouse.

1. EQUITABLE INTERESTS—*Judgment Creditors Endeavoring to Reach, Subject to Prior Assignment.*—Where a judgment creditor resorts to equity to reach a supposed equitable interest of the judgment debtor in the proceeds of the sale of real estate, and he seeks to reach an interest which the record did not disclose, he must be subject to prior assignments of such interest, though not disclosed by the record.

2. CHANCERY JURISDICTION—*Where Parties Intervene.*—Where, in a chancery cause, after the sale of the subject-matter of the suit, parties intervene and litigate the right to the fund, the court in passing upon their claims may consider the present state of the suit.

Bill for Relief.—Intervening petition, etc. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.

Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

ARTHUR KEITHLEY, attorney for appellant.

F. S. FULTON, attorney for appellee

MR. JUSTICE DIBELL delivered the opinion of the court.

The Chillicothe Paper Company gave a trust deed upon real estate in Peoria county to secure certain bonds. That trust deed was foreclosed to pay the bonds, and by virtue of a sale and a deed under a decree in that suit, the title to the real estate became vested in Oliver J. Bailey, as trustee for the bondholders. The Central National Bank of Peoria, on August 30, 1899, filed a bill for partition of said real estate among the several equitable owners, and a decree was rendered, finding, among other things, that the Waterhouse Paper Stock Company owned four one-hundredths of said bonds. After a sale of the land under the decree, that interest was reduced to $293.62 in money in the hands of the master. As to it, George T. Gilliam and Mary A. Waterhouse each filed intervening petitions claiming the fund. Each answered the petition of the other, and the matter was referred to the master, who took proofs and reported in favor of Mrs. Waterhouse. The court overruled Gilliam's exceptions thereto and entered an order for the payment of the fund to Mrs. Waterhouse. Gilliam appeals.

Gilliam claimed that the Waterhouse Paper Stock Company owned an equitable title to four one-hundredths of said real estate; that a judgment which he recovered in the Circuit Court of Peoria County against the Waterhouse Paper Stock Company on November 15, 1899, which was before the sale of said real estate in partition, became a lien upon said equitable interest; and that he was entitled to the fund resulting from the sale of said interest. The claim of Mrs. Waterhouse was based upon the following facts: The interest found by the decree to be in the Waterhouse Paper Stock Company was derived from the ownership of ten bonds of the Chillicothe Paper Company. These

bonds were at one time in the hands of the Central National Bank of Peoria as a collateral security for a debt. On March 2, 1891, the Chillicothe Paper Company and James A. Waterhouse agreed in writing that when these bonds should be released from the bank, they should at once be turned over to said James A. Waterhouse as security for $975 recited to be then due from said company to him, and for any additional indebtedness that might accrue to him up to the time of such release of the bonds by the bank. The Waterhouse Paper Stock Company became in some way the successor of the Chillicothe Paper Company, and on July 1, 1893, it indorsed upon said agreement a statement that it ratified and confirmed said agreement, and would perform it. Meantime, May 2, 1892, James A. Waterhouse executed an instrument to Mary A. Waterhouse, by which the former assigned to the latter all his interest in and to said bonds by virtue of said agreement, to secure the sum of $1,088, then owing by him to her, and such additional indebtedness as might accrue to her up to the time of the release of the bonds by the bank. On August 25, 1894, the bank received payments which caused it to release said bonds from the pledge to it, and the Waterhouse Paper Stock Company then executed another assignment, turning over to James A. Waterhouse its interest in the bonds, and decree of foreclosure and sale; and on the same date James A. Waterhouse executed a further instrument assigning to Mary A. Waterhouse the interest in said decree represented by said ten bonds. Gilliam was a party to the partition suit wherein it was decreed the Waterhouse Paper Stock Company owned an equitable interest in said land equal to four one-hundredths thereof, but Mrs. Waterhouse was not a party to said suit till she filed said intervening petition.

It must be held in equity that the equitable interest which the Waterhouse Paper Stock Company once had by virtue of an interest in said ten bonds passed to Mary A. Waterhouse several years before Gilliam obtained a judgment against said company, and that when said judgment

was rendered the company had no interest in said lands upon which the judgment could become a lien. It is obvious Gilliam could not safely levy an execution upon the undivided four one-hundredths of said land, for there was nothing of record to show that his execution debtor had any interest therein. Having resorted to a court of equity he is subject to equitable rules. By the principles there prevailing he can only get what interest his judgment debtor had remaining, and as he seeks to reach an interest the record did not disclose, so also he must be subject to prior assignments of such interest to others though not disclosed of record. Under Maghee v. Robinson, 98 Ill. 458, as his judgment debtor had no interest when Gilliam obtained judgment, he has no lien.

Gilliam claims the assignments under which Mrs. Waterhouse holds should be treated as void because James A. Waterhouse was an officer of the Waterhouse Paper Stock Company when they were made, and an insolvent corporation can not prefer one of its own officers. This position is not supported by the record, for Gilliam, in his answer to the petition of Mrs. Waterhouse, did not set up such insolvency as invalidating the assignments, nor is our attention drawn to any proof thereof in the record. Gilliam complains because the court below, in passing upon these intervening petitions, took into account the present state of this suit. Gilliam was a party to the suit from the beginning, and the decree was binding upon him. Material averments of his petition are not supported by any proof, if these intervening petitions are to be treated as new and independent suits not connected with the partition suit. Gilliam must claim the benefit of the prior steps in the case in order to show that he ever had any basis whatever for a lien upon the land or fund. He therefore can not deny Mrs. Waterhouse the equal benefit of the prior proceedings. We need not determine how far Mrs. Waterhouse was bound by the pleadings and decree in a cause to which she was not a party, for she is not raising the question. The order is affirmed.